UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNG THANH NGUYEN,<br><br>                                Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; and CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>                                Respondents. | Case No.: 25-CV-2760 TWR (KSC)<br><br>**ORDER (1) REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, (2) GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, (3) GRANTING IN PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER, (4) ORDERING RESPONDENTS TO SHOW CAUSE WHY A TRO AND/OR INJUNCTION SHOULD NOT ISSUE, AND (5) SETTING SHOW CAUSE HEARING**<br><br>(ECF Nos. 1–3) |

Presently before the Court are Petitioner Tung Thanh Nguyen's (1) Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1), filed pursuant to 28 U.S.C. § 2241; (2) Motion for Appointment of Counsel ("Mot. for Counsel," ECF No. 2); and (3) Notice of Motion and Memorandum of Law in Support of Temporary Restraining Order ("TRO") ("Mot. for TRO," ECF No. 3), each of which the Court addresses in turn.

First, having reviewed the Petition, the Court concludes that summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." (citing *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990))). As in *Phan v. Noem*, No. 25-CV-2422 RBM (MSB) (S.D. Cal. filed Sept. 16, 2025), and *Quoc Ngo v. Noem*, No. 25-CV-2739 TWR (MMP) (S.D. Cal. filed Oct. 15, 2025), Petitioner contends that he is being detained by Immigration and Customs Enforcement ("ICE") in violation of ICE's own regulations concerning notice and an opportunity to be heard and the United States Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and asks that the Court enjoin ICE from removing him to a third country without providing him an opportunity to assert fear of persecution or torture before an immigration judge. (*See generally* Pet.) Accordingly, at this stage in the proceedings, the questions before the Court are (1) whether ICE complied with its regulations, including 8 C.F.R. §§ 241.4(*l*) and 241.13(i), before re-detaining Petitioner; (2) whether Petitioner's detention is lawful under *Zadvydas*, 533 U.S. 678; and (3) whether ICE can remove Petitioner to a third county without adequate notice and an opportunity to be heard. Respondents Kristi Noem, Secretary of the Department of Homeland Security; Pamela Jo Bondi, Attorney General; Todd M. Lyons, Acting Director, ICE; Jesus Rocha, Acting Field Office Director, San Diego Field Office; and Christopher LaRose, Warden at Otay Mesa Detention Center **SHALL RESPOND** to the Petition <u>on or before noon (12:00 p.m.) on Wednesday, October 22, 2025</u>. Petitioner **SHALL SERVE** on Respondents copies of the Petition, the TRO Motion, and this Order <u>as soon as practicable</u> and **SHALL FILE** proof of such service <u>no later than 9:00 a.m. on Monday, October 20, 2025</u>.

Second, Petitioner seeks appointment of Federal Defenders of San Diego, Inc. in the interests of justice under 18 U.S.C. § 18 U.S.C. § 3006A(a)(2)(B). (*See generally* Mot. for Counsel.) Having considered the arguments raised in Petitioner's Motion for Counsel, the Court finds that the appointment of counsel is appropriate in this case given Petitioner's

likelihood of success on the merits and ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court therefore **GRANTS** Petitioner's Motion for Counsel (ECF No. 2) and **APPOINTS** Federal Defenders of San Diego, Inc. to represent him in this habeas proceeding.

Third, the Court **GRANTS IN PART** Petitioner's Motion for Temporary Restraining Order (ECF No. 3) and, until further Order of this Court, **TEMPORARILY RESTRAINS** Respondents from removing Petitioner to any country other than Vietnam while the Petition remains pending. The Court also **ORDERS** Respondents **TO SHOW CAUSE** why a temporary restraining order and/or preliminary or permanent injunction should not issue on or before noon (12:00 p.m.) on Wednesday, October 22, 2025.

Finally, the Court **SETS** a Show Cause Hearing for Thursday, October 23, 2025, at 11:00 a.m., in Courtroom 14A, to address both the Petition and Petitioner's Motion for Temporary Restraining Order.

**IT IS SO ORDERED.**

Dated: October 17, 2025

_____
Honorable Todd W. Robinson
United States District Judge